Opinion op the Court.
John Lindley filed his hill enjoining a replevin bond in which he had become surety for Azariah Davis, to William H. Payne, alleging that he and his principal, Davis, had paid to the sheriff considerable, sums of money in discharge of executions in his hands, issued on the said bond,' for none of. which credit was given, and yet another execution was issued against him and *300 ]iis principal; and he made the sheriff and Payne both defendants. Both answered, denying the receipt of any money. At a subsequent term, when the cause stood for trial, the following entry is made: “ This day came the defendants by their counsel; but the complainant, although solemnly called, came not, neither is his suit further prosecuted: Therefore, it is considered by the court, that the injunction heretofore awarded th§ complainant in this cause, to stay proceedings upon a judgment at law, obtained against the complainant in this court by the defendant, Payne, be dissolved; that the defendant, Payue, be at liberty to proceed and, have the benefit of his judgment at law, and recover against the complainant ten per centum damages, on the sum of $85 20 cents, being the amount of a replev-in bond take in pursuance of an execution issued upon the judgment aforesaid; that the complainant’s bill be dismissed; that the defendants go thereof without -day, and recover against the complainant 150 pounds of tobacco, and also their costs by them about their defence in this behalf expended; and- the complainant in mercy f Sic. ■
Thc differ-a^ecree'dis-'1 missing a bill in chancery ^íwcution an°l j judg-' meat at law nonasui°fa pointed out.
To reverse this decree, (if decree it can be called',) this writ of error is prosecuted; and it is contended in argument, and by the assignment of error, that this js a decree dismissing the plaintiff’s bill on the merits, notwithstanding he made default; and that no such decree ought to have been rendered, under such circumstances; aud at all events, that the recovery of tobacco, for- failing to prosecute, is erroneous.
1. It is evident, that this entry is not, in form, a decree in chancery; but the clerk has unskilfully substi-*n i^ace of a decree, a judgment at law. As the powers of a chancellor and a judge at common law, are, in this state, combined in the same person, it does fre-bflPPe;b that the clerks, either through inat-fe'lf-i° 1 or want of sufficient knowledge of the difference between a chancery clerk and a prothonotary at comm°n *aw’ su^stitute the entries of one court for those of the other; and su'ch informal and unclerical practice too often escapes the correction of the courts of original jurisdiction. Hence, it is not unusual, in the records used by this court, to find judgments inserted in chancery suits, aud sometime the word, “ decree,” pushed from its original station into a record at common *301 law. In this case, the clerk has not recorded the default of the complainant below, "clerically, and has fol-í-v VIA vV\ AV\ 1 «1 *rtT AVl-f*l*f|l . 1a .4 t A J a .a a aÍa. ma a a a. a J. lowed his common law entry; but the departure is not so wide, in this respect, as what follows. He then inserts the words, which peculiarly discriminate a judgment from any other entry, “ Therefore, it is considered by the court f acting in favor of the successful party, instead of the proper expressions of the chancellor, “ It is thereupon decreed and ordered.'1'’ His language is, also-, “ that the defendant recover,” instead of the proper words, acting on the person of the complainant, to wit, “ that the complainant do paywhich is the correct language of a court of equity. But although these awkward improprieties appear, evincing an ignorance of chancery forms; yet, as this court is bound to notice substance only, in reviewing the decisions of inferior tribunals, we should hesitate in disturbing the decree on this account, if it appeared that'the complainant below, now plaintiff in error, was subjected, by such language, to no more than wbat he would be subjected to, by the proper modes of expression. To dissolve this injunction because the plaintiff would not further prosecute, was certainly proper, and the ten per centum damages followed,, by the letter and spirit of the act of assembly directing such recovery. The dismissjon of the bill was also a necessary consequence; and we are not disposed, notwithstanding the legal style of the words dismissing the bill, to, say that it is a decree upon the merits, or to give it a construction that would make it a bar to another bill for the same cause, although the defendants are permitted “ to go thereof without day,’’ and “ the complainant is in mercy, &c.” The same fact, that the entry was a mistake of a common law judgment for a chancery decree, added to the principle, that such judgment would be no bar at common law, forbids us to construe this decree as a decision on the merits.
if a ,iücree dismissing a cilan-,, of j»osecu-n tion, awards *° *he de" of tobac co,*itisa sub* stantial error, for which the decreewillbe •reverse .
*301 2. But although we are disposed to wink at the informality and mistaken features of this entry, thus far, yet we cannot be thus Indulgent throughout. The legal complexion of the entry is carried so far, as to reach the pocket of the complainant, and take more from him than would be taken by the proper chancery entry. The mistake of one form for another, is carried through-i¿.ut, and thp plaintiff is subjected to one hundrpd and *302 fifty pounds of tobacco, a penalty given by one of our statutes, against a plaintiff, for failing to prosecute his suit at law, and never applicable, either by the letter or spirit of the act, to a chancery suit. This extends the error of the entry to substance, and forbids us to sus-by further conniving at the mistaken substitu-^on 0p entries of one court for those of the other.
The decree must, therefore, be reversed with costs, and the cause be'remanded, for a decree there to be rendered dissolving the injunction and dismissing the bill, for the default of the complainant, in conformity with this opinion.